70 F.3d 638
 315 U.S.App.D.C. 77
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Francis K. TCHOUATEU, Appellant.
 No. 94-3049.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 19, 1995.
Rehearing and Suggestion for Rehearing In Banc Denied Nov. 20, 1995.
 
 Before: WALD, SILBERMAN and ROGERS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral argument of the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 In September 1993, a jury convicted Francis Tchouateu of three counts of unlawful use of a communications facility, in violation of 21 U.S.C. Sec. 843(b), and one count of distribution of over fifty grams of cocaine base, in violation of 21 U.S.C. Sec. 841(a)(1) and Sec. 841(b)(1)(A)(iii). On appeal, Tchouateu claims that (1) the trial court abused its discretion in calling two witnesses as witnesses for the court; (2) the court erred in denying his motion for a mistrial due to a prejudicial statement by a prosecution witness and an improper comment by the prosecutor on his right to remain silent; (3) the court erred in denying his motion to dismiss the indictment for failure to produce certain tape recordings made when he was taken into custody; and (4) the evidence was insufficient to support his conviction. We affirm.
 
 
 5
 1. The trial court has authority to call its own witnesses. Fed.R.Evid. 614(a); United States v. Liddy, 509 F.2d 428, 438 (D.C.Cir.1974), cert. denied, 420 U.S. 911 (1975). Because the defendant failed to object until his written motion after the verdict, he did not object in a timely manner under Federal Rule of Evidence 614(c). Thus, this court's review is governed by the plain-error standard. Fed.R.Crim.P. 52(b). Tchouateu has failed to point to any question by the trial court that "create[d] an appearance of partiality by continued intervention on the side of one of the parties." Liddy, 509 F.2d at 438.
 
 
 6
 Tchouateu further objects that the government failed to turn over relevant discoverable material that he requested concerning Everton Fuller, one of the witnesses called by the court. Giglio v. United States, 405 U.S. 150 (1972). This Court finds it troubling that the government has ignored the district court's instruction to turn over the Giglio material concerning Fuller; the government's excuse that it was "an oversight" does not explain why the government has still not provided Fuller's plea agreement.[1] Nonetheless, we are unpersuaded that Tchouateu was prejudiced by this discovery omission because his defense counsel was able to bring out the plea agreement in his cross-examination of Fuller.
 
 
 7
 2. Tchouateu objects to two statements. First, Officer Dodson testified that he had heard that Tchouateu had "four kilograms of cocaine that he was willing to move fast." Not only did the trial court immediately give a cautionary instruction to the jury, striking the response, but this testimony was admissible--despite Federal Rule of Evidence 404(b) on other-crimes evidence--because Tchouateu placed his predisposition in issue when he pleaded entrapment. United States v. Burkley, 591 F.2d 903, 921 (D.C.Cir.1978), cert. denied, 440 U.S. 966 (1979). Second, the prosecutor asked Agent Marquez whether Tchouateu had denied his participation in the drug deal when he was taken into custody. Although this question may have been an impermissible comment on Tchouateu's right to remain silent, Doyle v. Ohio, 426 U.S. 610, 619 (1976), the trial court gave an immediate cautionary instruction striking the question. See Greer v. Miller, 483 U.S. 756, 764-65 (1987). Absent record evidence to the contrary, we will assume that "the jurors followed the court's instructions and disregarded the remark." United States v. Clarke, 24 F.3d 257, 270 (D.C.Cir.1994).
 
 
 8
 3. When Tchouateu was taken into custody, Drug Enforcement Agency officials made tape recordings of several telephone conversations by Tchouateu. According to Tchouateu, one of those conversations was with his drug supplier. Unfortunately, the government "lost" the relevant tape before trial. The trial court could properly conclude that there was no evidence of bad faith. Even crediting Tchouateu's testimony as to the substance of the conversation, however, there was no potentially exculpatory material on the tape recording. The conversation was not relevant to any element of the government's case or Tchouateu's entrapment defense. See United States v. Bagley, 473 U.S. 667, 682 (1985) (opinion of Blackmun, J.); California v. Trombetta, 467 U.S. 479, 488-89 (1984).
 
 
 9
 4. The evidence is sufficient to sustain Tchouateu's conviction. In an entrapment case, the government bears the burden of proving the defendant's predisposition beyond a reasonable doubt once the defendant has shown inducement. United States v. Whoie, 925 F.2d 1481, 1483-85 (D.C.Cir.1991). Tchouateu's testimony that he was motivated to enter into the drug transaction in order to protect his younger brother from further involvement with drugs, while it may support a sympathetic fraternalism, does not refute his predisposition to commit the offenses. A reasonable juror could have found that Tchouateu's easy access to drugs and willingness to sell drugs proved his predisposition beyond a reasonable doubt.
 
 
 
 [1]
 The government has advised the court by letter of September 7, 1995, of its efforts to carry out its representation at oral argument that it would promptly provide this material to appellant's counsel